Mr. Justice Cox
delivered the opinion of the court.
This is an action brought by the plaintiff, Jones, as the owner of a steam tug, against the railroad company for keeping the draw of the bridge crossing the Potomac river closed for four days, by reason of which the plaintiff was detained and his tug prevented from prosecuting her regular business on the river. For this he claims damages.
*110 It was agreed that the case should be certified to the General Term, and if the court should be of the opinion that the plaintiff should pay the judgment, that judgment should be entered for $293.15 with costs.
As set forth in the agreed statement of facts, it appears that the draw of the bridge had been injured by a schooner which passed through it, and that it was immediately closed by the company and kept so for four days, during which time the-repairs made necessary to the draw were prosecuted with due diligence, and this tug boat was detained and prevented from performing her regular business during that period of time.
The case seems to have been argued for the defence as if the proximate cause of the injury to the plaintiff was the act of this schooner in passing through this bridge and injuring the draw. That is not the subject of complaint on the part of the plaintiff. The subject of complaint is the closing of the draw by the railroad company — the voluntary closing of it — and the keeping of it closed for a period of four days. We have been referred to authorities holding, generally, that a railroad or bridge company is not an insurer of the condition of the road or bridge at all times and of its fitness for travel; that a company of that kind is simply responsible for due diligence, and in this case it seems that it used due diligence in putting the bridge in repair.
It is claimed that'the closing of the draw was necessary in order to make the necessary repairs. It was necessary, it is said, in order that travel, over the bridge could be resumed, which was vastly more important than the travel up and down the river.
It does not appear, however, from the facts, that it was at all necessary to keep the draw closed in order to make the repairs, and it does not appear either that it was necessary for the ordinary travel, because non constat that the travel might not have been conveyed across the river by a ferry boat. But whether it was or not is immaterial, unless the proposition can be maintained that the right of way over the bridge was paramount to the right to navigate the river, *111 and that can hardly be said in the face of the law which gives the railroad company the privilege of going over the river, and which says that it shall keep the bridge and draw in efficient working condition at all times.
We think on the whole that the plaintiff is entitled to recover, and the judgment will be entered according to the stipulation.